IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARLENE MARK,

        Plaintiff,

vs.

UNITED STATES OF AMERICA

        Defendants.

No. 14-CV-0422-MV-KK

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Darlene Mark's Second Amended Motion to Reinstate [Doc. 14]. The Court, having considered the Motion, attached affidavit, relevant law, and being otherwise fully informed, finds that the Plaintiff's Motion is not well-taken and will be **DENIED**.

### BACKGROUND

The facts relevant to the Court's disposition are easily summarized. On May 6, 2014, Plaintiff Darlene Mark filed her Complaint for Medical Negligence, Negligent Hiring, Training and Supervision, Negligent Infliction of Emotional Distress, and Punitive Damages with this Court. *See generally* Doc. 1. At some point, Plaintiff learned that the initial defendants in this case were, in its terminology, "employees" of the United States federal government. *See* Doc. 6 at 1. Consequently, Plaintiff substituted the United States of America as the sole defendant in this civil action on July 17, 2014. *See generally id.*

On December 12, 2014, Magistrate Judge Garza entered an Order to Show Cause demanding that Plaintiff explain on or before January 12, 2015 why she had not served the

United States of America or otherwise prosecuted the case.  *See* Doc. 8 at 1-2.  Plaintiff failed to do so; on January 29, 2014, the Court dismissed the case.  *See generally* Doc. 10.  Plaintiff now moves that the Court "reinstate" her case, arguing that Plaintiff's failure to respond to the Court's Order to Show Cause was the result of personnel turnover in her attorney's law firm.  *See generally* Doc. 14.  The Court interprets this request as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.

## DISCUSSION

Federal Rule of Civil Procedure 60 provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" on several grounds, including, pertinently, "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  Even assuming, *arguendo*, that the Court were to find that any of these circumstances obtains in the instant case, jurisdictional bars prohibit the Court from permitting this suit to proceed.

First, while Plaintiff may believe that proper service in this case is a procedural nicety, perfected service on the United States of America during the limitations period is a jurisdictional requirement in every Federal Tort Claims Act ("FTCA") case.  *See, e.g.*, *Weisgal v. Smith*, 774 F.2d 1277, 1279-80 (4th Cir. 1985) ("To include 'time for service' as an addition to the six-months limit in the Rule in an FTCA action would demand a rewriting of the Rule."); 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred …unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").  Thus, even if the Court were to "reinstate" the Complaint, given the amount of time that has elapsed since the case began, it is categorically impossible for the Plaintiff to serve the United States of America within six months of the denial of Plaintiff's administrative request.  Consequently, the Court would lack subject

matter jurisdiction to hear the "reinstated" case.  *Cf. Denney v. U.S. Postal Service*, 916 F. Supp. 1081, 1084 (D. Kan. 1996) ("Rule 15(c) requires the new defendant to have received actual notice of the action prior to the statute of limitations running.  Actual notice requires the plaintiff to have made service of process upon the United States Attorney or designee."); *Plourde v. U.S. Postal Service*, 721 F. Supp. 218, 223 (D. Minn. 1989) ("Plaintiff would have the Court imply an exception to these statutes permitting an action to be commenced against either the agency which is the subject of the litigation, or the United States, as long as one is timely served. This interpretation, however, requires a liberality which is denied the Court in construing the Federal Tort Claims Act.").

Second, Plaintiff, in her Amended Complaint, fails to state the relevant jurisdictional predicates for an FTCA suit, including, for example, her exhaustion of administrative remedies and the denial of relief by a relevant federal entity.  *See*, *e.g.*, 28 U.S.C. § 2675.  In fact, the Amended Complaint references only substantive New Mexico law and appears to ignore entirely the sovereign immunity enjoyed by the United States of America.  Plaintiff has already once amended its Complaint, such that the Amended Complaint would likely be subject to immediate dismissal under Federal Rule of Civil Procedure 12(b).  Indeed, given the circumstances of the case, the Court sincerely doubts that Plaintiff attempted to seek administrative relief prior to instituting this suit.

Given the inescapable jurisdictional defects that bar Plaintiff from maintaining any potentially revived civil action, the Court will not address whether it believes relief under Rule 60 is otherwise appropriate in this case.  The Court will note, however, that while Plaintiff's counsel has stated that its failure to respond the Court's Order to Show Cause resulted from "staff turnover over [sic] prior the holidays at the end of the year," counsel has not yet

endeavored to explain why it failed to serve the United States of America or prosecute the suit during the summer and autumn of 2014.

## CONCLUSION

The Court recognizes that Plaintiff may view denial of her Motion as an inequitable result. Even so, the Court is reminded that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). This dictum resonates even more strongly where, as here, a contrary result would aggrandize the jurisdiction of this Court and abrogate the sovereign immunity of the United States of America. This, the Court cannot do.

**IT IS THEREFORE ORDERED** that the Plaintiff's Second Amended Motion to Reinstate [Doc. 14] is **DENIED.**

Dated this 13th day of February, 2015.

_____
MARTHA VÁZQUEZ
United States District Judge