IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARLENE MARK,

        Plaintiff,

vs.                                          No. 14-CV-0422-MV-KK

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Darlene Mark's Motion to Reinstate Pursuant to Rule 60(B) to [sic] Clarify Factual Errors in Court's Ruling of February 13, 2015 [Doc. 20] and its amended cousin [Doc. 21]. The Court, having considered the Motion, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **DENIED**.

### DISCUSSION

The Court, will, for the purposes of its disposition, assume familiarity with the procedural history of this matter as recited in its Memorandum Opinion and Order denying Plaintiff's Second Motion to Reinstate [Doc. 19]. Plaintiff, grossly misapprehending the Court's explanation of its decision, now *again* moves this Court to "reinstate" her case pursuant to Federal Rule of Civil Procedure 60. For the reasons articulated in its prior decision, the Court will decline to do so.

The gravamen of Plaintiff's argument is two-fold: first, that Plaintiff properly exhausted her administrative remedies prior to initiating the instant suit; second, that the United States of America was timely served because it "had notice of the claim and proceeding" when Plaintiff

1

served an organ of the federal government.  Each of these contentions is unavailing.  Even if Mark exhausted her administrative remedies, the Court was aware that it did not have sufficient information when it rendered its first decision denying relief under Rule 60 and, therefore, did not rest its disposition on this ground.  *See* Doc. 19 at 3 (noting only that the Court "sincerely doubts that Plaintiff attempted to seek administrative relief prior to instituting this suit" when discussing a second potential jurisdictional issue).  The Court did not rely on this issue in reaching its decision; it is therefore irrelevant whether Mark met the administrative requirements.

      Mark then attempts to un-ring the bell of dismissal by contending, albeit in oblique terms, that service on the United States of America had been substantively accomplished because the federal government had *actual* notice of her claim.  *See* Doc. 20 at 2.  This argument merely serves to demonstrate that the Plaintiff has either not read, or not understood, the Court's prior opinion.  There, the Court explained both that service must be made "on the United States Attorney or designee" within "six months of the denial of Plaintiff's administrative request" and that failure to do so is an irredeemable jurisdictional defect.  *See* Doc. 19 at 2-3.  Stated differently, formal service on the United States of America, *rather than an agency thereof*, within six months of denial of Plaintiff's administrative claim, is an indispensable prerequisite to maintaining a civil action under the Federal Tort Claims Act.  Any argument from the doctrine of relation back is, consequently, entirely inapposite.  Barring some metaphysical possibility of which the Court is unaware, such service is now, in the Court's words, "*categorically impossible*."  *Id.* at 2 (emphasis added).  Plaintiff may well disagree with the Court's interpretation of the relevant law, but the Court is convicted of its understanding of what the FTCA demands and notes that Plaintiff has presented *no* authority, legal or otherwise, to the contrary.

Moreover, Plaintiff's belated attention to this case is misplaced insofar as it assumes that, absent a fatal jurisdictional infirmity, the Court would be inclined to grant Plaintiff's Rule 60 motion on the merits.  This is emphatically not the case.  Plaintiff's counsel, for all the *sturm und drang* regarding his contrition, has, to date, only endeavored to explain his failure to reply to the Court's Order to Show Cause [Doc. 8], rather than his initial failure to serve the United States of America or otherwise appropriately prosecute this action.  *See id.* at 3-4.  That is, even if the Court were to believe that the FTCA does not definitely bar this suit, the Court would likely still refuse to grant Plaintiff relief from judgment because it does not believe that good cause to do so has been, or can be, shown.

## CONCLUSION

This is the end of the matter.  The Court perceives no error in its disposition and further maladroit efforts that substitute sympathy for reason will not alter its position.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reinstate Pursuant to Rule 60(B) to [sic] Clarify Factual Errors in Court's Ruling of February 13, 2015 [Docs. 20, 21] is **DENIED.**

Dated this 24th day of March, 2015.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE