IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARLENE MARK,

     Plaintiff,

vs.                                                    No. 14 cv 422 MV/KK

UNITED STATES OF AMERICA,

     Defendant.

**MOTION TO REINSTATE PURSUANT TO RULE 60(B) AND FOR RELIEF OF
JUDGMENT UPON REMAND FROM THE TENTH CIRCUIT COURT OF APPEALS**

     COMES NOW, the Plaintiff, Darlene Mark, by and through her attorneys of record, THE

LAW OFFICE OF RICHARD A. SANDOVAL (Richard A. Sandoval, Esq.) and COLLINS &

COLLINS (Parrish Collins, Esq.) and hereby moves the Court to reinstate on the grounds set out

below:

**INTRODUCTION**

     Because dismissal represents an extreme sanction appropriate only in cases of willful

misconduct,[1] Plaintiff previously filed several 60(b) motions for relief from judgment dismissing

her case without prejudice.  Due to statute of limitation concerns, Plaintiff provided this Court

with evidence regarding service of process and the completion of her administrative proceeding

under the Federal Tort Claims Act. In denying those motions, the Court expressed concern

regarding the Federal Tort Claims Act jurisdictional bar of Plaintiff's claims.  Citing the United

States Supreme Court's recent opinion in ***United States  v. Kwai Fung Wong***, 575 U.S. __,    135

Sac. 1625, 191 L.Ed. 533 (2015), for the proposition that the Federal Tort Claims Act is a

---

[1]      ***Ehrenhaus v. Reynolds***, 965 F. 2d 916, 920 (10th Cir. 1992).

1

procedural deadline subject to equitable tolling, the Tenth Circuit vacated this Court's previous 60(b)(6) rulings and remanded to this Court for reconsideration.  Having complied with the Federal Tort Claims Act and Defendant being fully aware and served with Plaintiff claims prior to appeal, Plaintiff seeks to reinstate her timely filed claim.

## STANDARD OF REVIEW

Regardless of when the judgment was made final, "Rule 60(b) grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are must," provided that the motion is made within a reasonable time. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194 (1988).  Federal Rule of Civil Procedure 60 provides that a "court may relieve a party or its legal representative from a final judgment order, or proceeding" on several grounds, including, pertinently "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).

Dismissal represents an extreme sanction appropriate only in cases of willful misconduct. *Ehrenhaus v. Reynolds*, 965 F. 2d 916, 920 (10th Cir. 1992), *quoting Meade*, 841 F.2d at 1520; *see also Chavez v. City of Albuquerque*, 402 F. 3d 1039, 1044 (10th Cir. 2005) (noting that dismissal with prejudice "represents an extreme sanction," and thus is considered appropriate only in cases involving "willfulness, bad faith, or [some] fault" on the part of the party to be sanctioned).  Because dismissal with prejudice "defeats altogether a litigant's right to access to the courts," it should be used as "a weapon of last, rather than first, resort."  *Ehrenhaus,* 965 F.2d at 920, *quoting Meade*, 841 F.2d at 1520 n. 6.

2

## PROCEDURAL HISTORY

By reinstatement of her timely filed complaint, Defendant United States of America would suffer no prejudice to its defense of this matter. Prior to filing suit, Plaintiff provided notice of her claim and all of her medical records to the Department of Health and Human Services.  Upon completion of their full investigation, the Department, on behalf of the United States, denied her claim thereby exhausting the administrative prerequisite of the Federal Tort Claims Act.  A copy of the letter dated December 24, 2013, from the Department of Health & Human Services is attached to Plaintiff's Amended Motion to Reinstate (Doc. 21) filed on March 2, 2015.

Plaintiff's original Complaint was filed naming Northern Navajo Medical Center and Cynthia Lee Olsen, M.D.  Plaintiff's Summons and Complaint were properly served upon both originally named Defendants by Qualify Process Service on May 27, 2014.  Proof of service as to Cynthia Lee Olson, M.D. has previously been filed (Doc. 4). The Navajo Medical Center was served through the Claims Office, Office of General Counsel, US Department of Health and Human Services, 330 Independence Avenue, SW Room 4760, Mailstop: Capital Place, Washington, DC 20201 on June 18, 2014, although a copy of the Proof of Service was not file with the Court (Proof of Service attached hereto as Exhibit "A").

Plaintiff's counsel was contacted by the United States Attorney General's Office who represents the United States of America. The United States had notice of Plaintiff's claim and requested that the Complaint be amended to dismiss the original named defendants and substitute the United States of America as the proper Defendant.  An Amended Complaint was filed on May 6, 2014.

While Mr. Sandoval accepts full responsibility for his administrative staff, there was no bad faith or willful misconduct on his office's part justifying sanctions against his client.  Former paralegal Cheryl Schultz informed Mr. Sandoval the Amended Complaint against the United States was out for service.  See Affidavit of Richard Sandoval, attached at Exhibit X to X.  In retrospect, Ms. Shultz may have believed the United States was served by virtue of the United States Attorney's office being aware of the proceedings and the U.S. Attorney's Office requesting the amendment.  Although Ms. Schultz was highly recommended, she abandoned her position without notice and without making arrangements for service. Compounding this misrepresentation, the order to show cause was not properly calendared by temporary staff during the transition causing Mr. Sandoval to miss the hearing regarding this matter for the first time in his legal career.  While rightfully exposing Mr. Sandoval to lesser sanctions, there was no fault on behalf of the Plaintiff or willfulness or bad faith on behalf of Plaintiff's counsel.

## LEGAL ARGUMENT

**I.      WHILE THE DISTRICT COURT HAS DISCRETION IN IMPOSING SANCTIONS, SANCTIONS AGAINST PLAINTIFF'S COUNSEL RATHER THAT HIS CLIENT ARE APPROPRIATE**

In *United States  v. Kwai Fung Wong*, 575 U.S. ___,  135  S.Ct.  1625,  191  L.Ed.  533 (2015), the Supreme Court clarified that filing deadlines "seek to promote the orderly progress of litigation," but do not deprive a court of authority to hear a case." Accordingly, the Federal Tort Claims Act's procedural deadlines are subject to equitable tolling and are not a jurisdictional bar to Plaintiff's claims.  While there were delays serving her claim upon the United States unbeknownst to Counsel, lesser sanctions for his office's inadvertence or mistakes effectively promotes the orderly progress of litigation.

4

Dismissal "represents an extreme sanction," and thus is considered appropriate only in cases involving "willfulness, bad faith, or [some fault]" on the part of the party to be sanctioned. *Chavez,* 402 F.3d at 1044.  Dismissal is a sanction of last resort, as the primary focus for the federal district court should be the adjudication of claims on the merits.   *Chavez v. City of Albuquerque*, 402 F3d at 1044.    Under *Ehrenhaus*, there are five factors a Court should consider in deciding whether to dismiss a case for failure to comply with a Court order:

    (1)     the degree of actual prejudice to the defendant;

    (2)     the amount of interference with the judicial process;

    (3)     the culpability of the litigant;

    (4)     whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

    (5)     the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 920, *quoting Ins. Corp. Of Ireland v. Compagnie des Bauxite de Guineee,* 456 U.S. 694, 707, 102 S.Ct. 2099 (1982

    *Ehrenhaus* addressed the limits of the District Court's discretion to dismiss a complaint with prejudice pursuant to F.R.Civ.P. Rule 37(b)(2)(C) as a sanction for the *intentional (emphasis added)* violation of a discovery order.  In the instant case, Plaintiff's failure to timely serve the United States of America was not an intentional act, but was due to mistake, inadvertence and excusable neglect.  See the Affidavits of Richard A. Sandoval and Michelle Encinias attached to the Second Amended Motion to Reinstate filed on February 4, 2015 (Doc. 14).  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* at 921.  An analysis of the *Ehrenhaus* factors warrant reinstatement of Plaintiff's claim.

A.     **The Defendants Were Not Prejudiced**

"[D]elay involved in this case, by itself, would not be sufficient to warrant dismissal absent other justifying circumstances." *Ehrenhaus,* 965 F2d at 921.  In measuring prejudice, the *Ehrenhaus* Court found "Ehrenhaus' actions prejudiced the defendants by causing delay and mounting attorney's fees." *Id.*

Such is not the case in the case at bar.  Prior to filing suit, Plaintiff provided notice of her claim and all of her medical records to the Department of Health and Human Services.  Upon completion of the investigation, the Department, on behalf of the United States denied her claim. Moreover, the Defendants had been served with process.  It is noteworthy that no responsive pleading was filed by either Defendant and no motion for default judgment was filed because the U.S. Attorney conferred with counsel for Plaintiff and insisted that the real party in interest, the United States of America, be substituted as the Defendant.

Delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, especially when the delay did not impair Defendant's ability to defend the case.  *See Potenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1259 (11th Cir. 2001) (decided under Eleventh Circuit precedent).  A complete analysis would require a determination as to whether there were "other justifying circumstances" to justify a dismissal.  *Ehrenhaus*, 965 F2d at 921. In the present case, less onerous sanctions will ensure that counsel for Ms. Mark would move the case along or follow future orders.

In this case, there was a mistake, inadvertence, or excusable neglect, or whether it involved "willfulness, bad faith, or [some] fault.".  *Chavez v. City of Albuquerque*, 402 F3d 1t 1044. Through an innocent mistake, and due to a staff issue that Plaintiff's counsel dealt with promptly and to the best of his ability, the Order was not calendared by Plaintiff's counsel's

office and the deadline of January 12, 2015, was missed.  Whether this was mere inadvertence or the result of a willful, malicious, or culpable practice was a question of fact to be determined based on evidence and a hearing.  ***Contract Pelican Production Corp. v. Marino,*** 893 F.2d 1143 (denying relief from dismissal where counsel failed to file an affidavit explaining the circumstances).

### B.      Neither Ms. Mark Nor Her Counsel Were Culpable

The instant case does not approach the level of culpability and intentionality required by relevant case law or found to be present in ***Ehrenhaus***.  There is no evidence of deliberate, willful, or culpable conduct, "flouting" of the authority of the District Court, nor any evidence of prejudice or intent to prejudice the Defendants.  No such accusation has ever been leveled Plaintiff's counsel.  Certainly, Ms. Mark was not responsible for causing any delay in prosecution.  Most notably, Plaintiff's counsel was specifically informed that service was being done.  The disruption caused by staff turnover caused a mistake, inadvertence, a complete surprise to Counsel.

The various motions, affidavits and exhibits make clear there was no dilatory intent or disrespect of the District Court's case management and procedures. The filings made once the oversight was discovered indicate the law office made a concerted and substantial effort to remedy the oversight immediately upon learning of the dismissal order.  Absent a finding of willful disregard or other bad faith, dismissal is improper.  ***See In re Rains***, 946 F2d 731, 733-34 (10th Cir. 1991); ***Gocolay v. N.M. Fed. Sav. & Loan Ass'n.***, 968 F.3d 1017, 1021 (10th Cir. 1992); ***AdvantEdge v. Thomas E. Mestmaker & Assoc.***, 552 F.3d 1233, 1236 (10th Cir. 2009).

### C.     Lesser Sanctions Could Have Ensured Compliance

The fifth *Ehrenhaus* factor concerns the availability of lesser sanctions.  *Ehrenhaus*, 965 F.2d at 921. Dismissal is generally appropriate "only where a lesser sanction would not serve the interest of justice."  *Meade*, 841 F2d at 1520 (quoting *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986); *see also, In re Rains*, 946 F.2d at 733.  In this case, lesser sanctions should be considered by the Court, such as the option of ordering Plaintiff's counsel to pay a fine or fee for the Court's time and expenditure of any resources.

Dismissal is a sanction of last resort, as the primary focus for the federal district court should be the adjudication of claims on the merits.  *Chavez v. City of Albuquerque*, 402 F3d at 1044.  "A District court should ordinarily consider and address all of the [*Ehrenhaus*] factors before imposing dismissal as a sanction.  These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction.  The court should ordinarily evaluate these factors on the record."  *Ehrenhaus*, 965 F2d at 921.  Ms Mark's case was dismissed without prejudice, but the Court's ruling, the basis for the ruling, and the implications of the ruling make it a *de facto* dismissal with prejudice; the rules regarding dismissal with prejudice should apply.  *Gocolay*, 968 F.2d at 1021 (holding dismissal under circumstances that defeat altogether a litigant's right to redress grievances in the courts is a severe sanction, applicable only in extreme circumstances).

## II.    SERVICE OF PROCESS

Typically, [t]he burden to present 'strong and convincing proof' of insufficiency of service rests upon the defendant."  *Nikwei, et al. v. Ross School of Aviation*, 822 F.2d 939, 941 (10th Cir. 1987) (*quoting Wilson v. Upton*, 373 P.2d 229, 231 (Okla. 1962)).  In the present matter, although Defendants NNMC and Olson had been properly served, neither party had filed

an answer or other responsive pleading. The U.S. Attorney informed counsel for Ms. Mark that the real party in interest was the United States of America and requested an amended pleading be filed, which counsel for Plaintiff duly prepared and filed.  None of the Defendants, including the unserved, but fully aware United States of America, raised the issue of insufficiency of service.

The object of serving a defendant with a complaint and summons is to provide a method of notification that is reasonably calculated to give the defendant knowledge at a meaningful time, in a meaningful manner and to be given an opportunity to be heard.  *Nikwei*, 822 F.2d 939, 944 (discussing the Oklahoma state notice statutes).  As to notice, due process does not require exact certainty.  *Id.*  No rigid formula exists as to the kind of notice that must be sent.  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

The United States Supreme Court's recent opinion in *United States  v. Kwai Fung Wong*, 575 U.S. _____, 135 S.Ct. 1625, 191 L.Ed. 533 (2015) is instructive, as it specifically addresses the equitable tolling of the FTCA statute of limitations under 28 U.S.C. § 2401(b) (hereinafter "§ 2401(b)").  *Id.* at 1632-33.  The Supreme Court interpreted the Congressional intent of the FTCA's statute of limitations as a procedural deadline, not a jurisdictional bar, and therefore subject to equitable tolling.  *Id.*

By code and by construction in *Kwai Fun Wong*, Section 2401(b) creates only two deadlines.  Service of process within six months of administrative denial of the claim is not one of them.  The requirements are: 1) commencement of administrative action; and 2) filing of complaint following final administrative denial within six months. *Id.*  The District Court erroneously required the service of process on the Untied States within six months of the administrative denial, stating: the "Court explained both that service must be made "on the

9

United States Attorney or designee" within six months of the denial of Plaintiff's administrative request" and that failure to do so is an irredeemable jurisdictional defect.

*Kwai Fun Wong* emphasizes that dismissal due to violations of filing deadlines on jurisdictional grounds is error.  135 S.Ct. at 1632-33.  Statutes of limitations and most other time bars, which would include the service of process requirement were it actually set forth in § 2401(b), are not jurisdictional.  In fact:

> the Government  must clear a high bar to establish that  a statute of limitations is jurisdictional. In recent years, we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has 'clearly state[d . . .And in applying that clear statement rule, we have made plain that most time bars are nonjurisdictional. '].

*Kwai Fun Wong* at .1632 [emphasis supplied]. The Supreme Court stated: "[t]ime and again, we have described filing deadlines as "quintessential claim-processing rules," which "seek to promote the orderly progress of litigation," but do not deprive a court of authority to hear a case." *Id. , citing Henderson v. Shinseki ,* 562 U.S. 428, 435 , 131 S.Ct. 1197, 179 L.Ed.2d  159 (2011).   The FTCA as a whole, including § 240 l(b), is no exception and in no way suggests that the deadlines therein are jurisdictional in nature, the Supreme Court having stated "[i]n enacting the FTCA, Congress . . . provided no clear statement indicating that § 2401(b) is the rare statute of limitations that can deprive a court of jurisdiction. Neither the text nor the context nor the legislative history indicates (much less does so plainly) that Congress meant to enact something other than a standard time bar . . .too, the language might be viewed as emphatic- 'forever ' barred-but (again) we have often held that not to matter  . . . " *Kwai Fun Wong* at 1632. "[A]ll that is special about the FTCA cuts in favor of allowing equitable tolling." *Id.*

### III.    THIRTY-FIVE (35) TOLLED DAYS REMAIN FOR MS. MARK TO FILE

Through a denial of claim letter dated December 24, 2013, the United States denied Ms. Mark's claim, triggering the six month statute of limitations period to file suit. On May 6, 2014, Ms. Mark filed her Complaint in the District of New Mexico under the New Mexico Medical Malpractice Act, tolling the statute of limitations under the FTCA, with forty nine (49) tolled days left of the six months limitations period. Ms. Mark then perfected service of process on NNMC on Jun 18, 2014, and on Defendant Olson on May 28, 2014. These Defendants were required to file an answer or responsive pleading within sixty (60) days of service, but failed to do so, subjecting them to a possible default judgment.

Instead, the U.S. attorney conferred with Counsel for Ms. Mark and informed him that the United States of America was the real party in interest. Making no substantive changes to the Complaint or its claims, but removing the individual defendants from the caption, an amended complaint was filed pursuant to Rule 15(a), of the Federal Rules of Civil Procedure.

Unfortunately, the District Court's Order to Show Cause and order to serve the United States was not properly calendared. When he received the order of dismissal on January 29, 2015, Counsel for Ms. Mark sprang into action and immediately filed a motion to reinstate the case. No more days lapsed against the statute of limitations. On January 30, 2015, Counsel filed an Amended Motion to Reinstate the case. The statute of limitations continued to be tolled. On February 4, 2015, the District Court denied the two pending motions to reinstate the case without prejudice for failure to comply with Local Rule 7.1. The statute of limitations remained tolled, because Ms. Mark had filed a Second Amended Motion to Reinstate on February 4, 2015.

On February 13, 2015, the District Court issued a Memorandum Opinion and Order again denying the motion to reinstate. The FTCA statute of limitations ran between February 13, 2015 and February 27, 2015, until it was equitably tolled again, taking fourteen (14) tolled days off the remaining forty-nine (49) tolled days of the six month limitations period, leaving thirty-five (35) tolled days, when on February 27, 2015, Ms. Mark filed a motion to Reinstate Pursuant to Rule 60(B), To Clarify Factual Errors in Court's Ruling of February 13, 2015 and for Relief of Judgment, tolling the statute again.

The final appealable order was filed by the District Court on March 24, 2015, when  the District Court  issued another Memorandum Opinion and Order denying the Rule 60(B) motion. On April 21, 2015, Counsel for Ms. Mark filed a notice of appeal in the District Court, once again tolling the FTCA's six month statute of limitations, leaving thirty-five (35) tolled days remaining on the six month statute of limitations.

A statute of limitations may be tolled while a case is pending. See *Roy v. United States*, 2012 WL 1130163 (D.Colo. April 4, 2012) (unpublished) (noting the "Tenth Circuit does not appear to have conclusively decided the issue  of whether the FTCA statute of limitations periods may be tolled," where trial court tolled an FTCA claim during the pendency of a first case that was dismissed). A suit is deemed " 'pending until the appeal is disposed of,' and until disposition of any judgment  appealed  from it is still sub Judice."  *Colorado Interstate  Gas Co. v. Natural Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir. 1992), *citing de Rodulfa v. United States*, 461 F.2d 1240 (D.C.Cir.1972). In *de Rodulfa* the D.C. Circuit noted:

> "An appeal is not a new suit in the appellate court, but a continuation of the suit in the court below;" it is "a proceeding in the original cause," and as such "is but a step toward the final adjudication of the original cause, which the law allows quite as much as its allows a defense in the first instance." Thus "the suit is

> pending until the appeal is disposed of," and until disposition any
> judgment appealed from it is still sub Judice.

> *Id.* at 1253.

For guidance as to when a case is "pending " for tolling of statute of limitations purposes, a review of habeas corpus cases is appropriate, as many have defined that term as including "'pending' lawsuits [that] encompass not only undecided cases at district court level but also cases pending on appeal." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999), citing ***Beverly Community Hosp. Assoc. v. Be/she***, 132 F.3d 1259, 1264-65 (9th Cir. 1997) (statutory reference to "pending" lawsuits encompasses not only undecided cases at district court level but also cases pending on appeal).

"The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds." ***Kwai Fun Wong***, 135 S.Ct. at 1632-33. "A determination that equitable tolling is appropriate involves a mixed question of law and fact." ***Desir ex rel. G.D. v. Steward Health Care Systems, LLC***, _ F.Supp.3d_ 2015 WL 3682483, *4 (D. Mass. June 15, 2015), *citing Niehoff v. Maynard*, 299 F.3d 41, 47 (1st Cir. 2002). The FTCA requires a plaintiff to first present an administrative claim in writing to the appropriate federal agency, which must be done within two years of the claim's accrual. 28 U.S.C. § 240 l (b)." Id. Ms. Mark met the requirement by filing an administrative claim; she received a denial letter on December 24, 2013. The second requirement is that a party file a lawsuit within six months. Ms. Mark did so, with forty-nine (49) tolled days left on the six month limitations period. While the matter has been considered, first in the District Court and now on appeal, the six month statute of limitations is tolled, and thirty-five (35) days remain on the initial six month statute of limitations.

**IV.    THE UNITED STATES OF AMERICA NEED NOT BE SERVED TWICE**

The scope and purpose of the Federal Rules of Civil Procedure contain a requirement that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." F.R.Civ.P. 1. The District Court's requirement to serve the United States of America twice is contrary to Rule 4(m) of the Federal Rules of Civil Procedure, which explicitly provides the Court shall allow additional time if there is good cause for the plaintiff s failure to effect service in the prescribed 120 days, and authorizes the Court to relieve a plaintiff even if there is no good cause shown. *F.R. Civ.P. Rule 4 Advisory Committee Notes (2000 Amendments)*. Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action Id., see generally *Ditkof v. Owens-Illinois,. Inc.,* 114 F.R.D. 104 (E.D. Mich. 1987) (excusing plaintiff s failure to serve after a lapse of two (2) years). A specific instance of good cause is set forth in Advisory Committee Commentary and GAP report to the 2000 Amendments to F.R.Civ.P. 4.   According to the Advisory Committee Commentary, paragraph (2)(B) was added to Rule 4(i) to require service on the United States when a United States officer or employee is sued in an individual capacity for acts or omissions occurring in connection with duties performed on behalf of the United States.   The Advisory Committee Commentary noted that:

> Decided cases provide uncertain guidance on the question whether the United States must be served in such actions. *See Vaccaro v. Dobre*, 81 F.3d 854, 856-857 (9th Cir.1996); *Armstrong v. Sears,* 33 F.3d 182, 185-187 (2d Cir.1994); *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988); *Light v. Wolf,* 816 F.2d 746 (D.C.Cir.1987); *see also Simpkins v. District of Columbia*, 108 F.3d 366, 368-369 (D.C.Cir.1997).

Fed.R.Civ.P. 4 Advisory Committee's note (2000 Amendment)(paragraph  i). Paragraph (3) was added to Rule 4(i) for extensions if necessary to correct reasonable oversights in compliance with

14

the requirements of multiple service in actions against the United States or its officers, agencies, and corporations.  Rule 4(i).

> Paragraph (3) is amended to ensure that failure to serve the United States in an action governed by paragraph 2(B) does not defeat an action. This protection is adopted because there will be cases in which the plaintiff reasonably fails to appreciate the need to serve the United States. There is no requirement, however, that the plaintiff show that the failure to serve the United States was reasonable. A reasonable time to effect service on the United States must be allowed after the failure is pointed out. An additional change ensures that if the United States or United States attorney is served in an action governed by paragraph 2(A), additional time is to be allowed even though no officer, employee, agency, or corporation of the United States was served.

*Advisory Committee Commentary*. The changes were made to ensure that no one would read the seemingly independent provisions of paragraphs 2(A) and 2(B) to mean that service must be made twice both on the United States and on the United States employee when the employee is sued in both official and individual capacities. Fed.R.Civ.P. 4 Advisory Committee's note (2000 Amendment)(Gap Report) (Subdivision (i)(2) and (3). Clearly, the rules of civil procedure do not require that the United States be served twice once  an employee or entity has already been served.

## V.   UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(C), THE AMENDED COMPLAINT RELATES BACK TO THE INITIAL COMPLAINT

Previously, the Court's expressed concern that Plaintiff's amended complaint would not relate back to her initial filing.  In retrospect, this ruling was made without the benefit of the evidence that Ms. Mark had exhausted her administrative remedies.  Under Fed.R.Civ.P. 15(c), a party being brought in by amendment under must have received notice of the institution of suit "within the period provided by law for commencing the action against him." Notice of suit need not be formal. *Williams v. United States*, 711 F.2d 893, 898 (9th Cir. 1983).

In this Court's previous ruling, the Court found that failure to serve within 6 months of the denial of the claim is an "irredeemable jurisdictional defect." The Supreme Court in ***Kwai Fun Wong*** provides that such deadlines are not jurisdictional in nature.  Id., 135 S.Ct. At 1632-33.  Furthermore, there is no requirement that the United States must be served within 6 months under the FTCA.

The United States Supreme Court addressed the issue of relation back in ***Krupski v. Costa Crociere S. p. A***., 560 U.S. 538, 130 S.Ct. 2485 (2010), holding:

> Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations. Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that "the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(l)(C). In this case, the Court of Appeals held that Rule 15(c) was not satisfied because the plaintiff knew or should have known of the proper defendant before filing her original complaint. The court also held that relation back was not appropriate because the plaintiff had unduly delayed in seeking to amend. We hold that relation back under Rule 15(c)(l)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. Accordingly, we reverse the judgment of the Court of Appeals.

***Krupski,*** 560 U.S. at 541, 130 S.Ct. at 2489-2490.

In this case, while Plaintiff initially failed to name the United States, the United States undisputedly had actual notice of the suit.  Indeed, Ms. Mark filed her Amended Complaint at the behest of the U.S. Attorney. Any suggestion that the U.S. Attorney's actual notice is irrelevant contradicts *Krupski*.  An amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation

16

back, the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading, or the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)( 1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending  on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. ***Krupski***, 560 U.S. at 547, 130 S.Ct at 2493. The three provisions of Rule 15(c)(1) are set forth in the alternative, but Ms. Mark's case fulfills them all: she still had thirty-five (35) days in the limitations period, the claim arose out of the same core of operative facts, and the U.S. Attorney demonstrated his awareness of the claims and the erroneous failure to name the proper party. Rule 15(c)(l)(A) through (B).

A mistake in naming the proper defendant is sufficient grounds for relating back even if Ms. Mark knew of the proper defendant, but failed to name it:

> The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based  on that misimpression. That kind of  deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(l)(C)(ii) has been satisfied.

***Krupski***, 560 U.S. at 549, 130 S.Ct. at 2494. This reading is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. ***Krupski,*** 560 U.S. at 550, 130 S.Ct. at 2494, ***citing Advisory Committee's 1966 Notes***  122; 3 ***Moore's Federal Practice***  §§ 15.02[1],

17

15. 19[3][a]   (3d ed.2009).  A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose, but repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity. *Krupski*, 560 U.S. at 550, 130 S.Ct. at 2494. Because a plaintiff 's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware, such knowledge does not support that party's interest in repose.  Id.

The Court stated further:

> The mandatory nature of the inquiry for relation back under Rule 15(c) is particularly striking in contrast to the inquiry under Rule 15(a), which sets forth the circumstances in which a party may amend its pleading before trial. By its terms, Rule 15(a) gives discretion to the district court in deciding whether to grant a motion to amend a pleading to add a party or a claim. Following an initial period after filing a pleading during which a party may amend once "as a matter of course," "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give ... when justice so requires." Rules 15(a)(l)-(2). We have previously explained that a court may consider a movant's "undue delay" or "dilatory motive" in deciding whether to grant leave to amend under Rule 15(a). *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct.227, 9 L.Ed.2d 222 (1962). As the contrast between Rule 15(a) and Rule 15(c) makes clear, however, the speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back. Cf. 6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1498, pp. 142-143, and nn. 49-50 (2d ed.1990 and Supp. 2010).

*Krupski*, 560 U.S. at 553, 130 S.Ct. at 2496.  The question under Rule 15(c) (l)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff 's intent in filing the

18

original complaint against the first defendant. Id. The plaintiff's post-filing conduct is otherwise immaterial to the question whether an amended complaint relates back. Id.

Relation back is mandatory if the rules are met.  Rule 15 plainly sets forth an exclusive list of requirements for relation back, which do not include an examination of the plaintiff's diligence, and mandates relation back once its requirements are satisfied. This Circuit has cited to **Krupski** in manner consistent with Ms. Mark's position in **McClelland v. Deluxe Financial Services, Inc.**, 431 Fed.Appx. 718 2011 WL 3100341 (1orh Cir. 2011) (unpublished), wherein the Court quoted **Krupski** for the proposition that the Federal Rules of Civil Procedure, and Rule 15 specifically, favor adjudication on the merits rather than procedural dismissal. **McClelland**, 431 Fed.Appx. 718, 723-24, 2011 WL 3100341. So long as the defendants were on notice of the claims, relation back applies.

Standing alone, a mere failure to serve the United States of America within the requisite time period did not warrant dismissal of – the most severe of sanctions – particularly where, as here, the responsible parties had been timely and properly served, and the U.S. Attorney had actual notice of the complaint.  Fed. R. Civ. P. 4(m) provides that:

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m) further provides that:

"But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

## CONCLUSION

Counsel has gone to great lengths to get a proper record before the Court and accept his responsibility for his staff.  While mistakes and inadvertent errors will happen, mistakes and

inadvertent errors are insufficient grounds for dismissal with prejudice.   Most importantly, Defendant has not been prejudiced.   The United States completed its review at the time Plaintiff made her administrative complaint. Good cause exists to reinstate the Complaint that was timely filed so that the merits of Plaintiff's claim may be considered.

WHEREFORE,  PLAINTIFF  respectfully  requests  this  matter  be  reinstated  so  the Amended Complaint may be filed and the parties may proceed.

Respectfully submitted,

*"Electronically filed"*

THE LAW OFFICE OF RICHARD A. SANDOVAL

*/S/ Richard A. Sandoval*
RICHARD A. SANDOVAL
1442-D South Saint Francis Dr.
Santa Fe, NM 87505
(505) 795-7790
rick@sandovalfirm.com

and

COLLINS & COLLINS
PARRISH COLLINS
500 4th Street NW Suite 405
Albuquerque, New Mexico 87102
parrish@collinsattorneys.com